IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


TIMMIE LEE DOUGLAS,

      Petitioner,

v.                                    CASE NO. 1:10-cv-5-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Respondent filed a response and an appendix with relevant portions of the state-court record, Docs. 18, 14-1, and Petitioner filed a reply. (Doc. 20.) Upon due consideration of the Petition, the Response, the Reply, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## Summary of State-Court Proceedings

On August 9, 1988, Petitioner beat his wife and forced her, at gunpoint, to perform oral sex multiple times. He also sexually assaulted her with a beer tap handle and anally raped her, while beating her with his fists and with a gun. Petitioner forced his wife to perform oral sex on him in the presence of their three minor children. Following these assaults, Petitioner assaulted David Berry, a friend of his with whom he

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

had accused his wife of having an affair.  Petitioner beat Mr. Berry with his fists and with

a gun, causing damage to Mr. Berry's skull.  As a result of these events, Petitioner was

charged with three counts of aggravated assault, eight counts of sexual battery, four

counts of aggravated battery with a deadly weapon, three counts of lewd or lascivious

act in front of a child, kidnaping, and failure to appear.  After several counts were

stricken or consolidated, Petitioner was convicted at trial of six counts of aggravated

assault with the use of a firearm, two counts of sexual battery by slight force (a lesser

included offense of sexual battery by great force), three counts of sexual battery by great

force with the use of a firearm, one count of assault (a lesser included offense of sexual

battery by great force), and one count of lewd or lascivious act in presence of a child.

Petitioner was sentenced on November 21, 1991 to five years on Counts I, II, and

III (aggravated assault); fifteen years on Counts IV and VI (sexual battery with slight

force); life on Counts V, VII, and XI (sexual battery with great force); sixty days on Count

VIII (assault); fifteen years on Counts XII, XIII, and XVIII (aggravated battery); and fifteen

years on Count XV (lewd and lascivious act in the presence of a child).  (App. Ex. D., at

48-54.)  Petitioner's conviction was affirmed on direct appeal.  *Douglas v. State*, 621 So.

2d 434 (Fla. 1st DCA 1993).  Petitioner then filed a motion in state court to correct his

sentence, based on the trial court's making the minimum mandatory sentence for the

aggravated battery on Mr. Barry consecutive to Petitioner's other sentences.  This

motion was granted and the trial court entered an amended judgment and sentence on

March 25, 2004.  At the resentencing, the sentences were identical with the exception

that all sentences were to run concurrently.

Petitioner then filed a motion for postconviction relief, purportedly under Florida

Rule of Criminal Procedure 3.800(a), arguing that it was error to for the trial court to assess sentencing points for victim injury that accounted for the injuries to Petitioner's wife and Mr. Douglas. This petition was denied, and the denial was affirmed on appeal. Petitioner's final postconviction motion in state court unsuccessfully argued that the sentencing scoresheet impermissibly double-counted primary offenses and that the aggravated battery and sexual battery charges constituted double-counting. The denial of this petition was also affirmed on appeal.

The instant Petition followed. Petitioner asserts that the sentencing scoresheet's inclusion of points for victim injury violated the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner also brings two double jeopardy claims: 1) that the sentencing scoresheet incorrectly classified three sexual battery offenses as the "primary offense;" and 2) that the offenses of aggravated assault and sexual battery are the "same offense." (Doc. 1.) In his reply to Respondent's brief, however, Petitioner acknowledges that his double jeopardy claims are procedurally barred and explicitly abandons these claims. (Doc. 20, at 14.) Respondent concedes that the Petition is timely, but opposes the Petition on the merits. (Doc. 18.)

## Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and

convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case

differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

      In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. *Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate

conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

## Analysis

The trial court completed a Florida Guidelines Scoresheet in preparation for Petitioner's sentencing. The Scoresheet added 40 points for "moderate [injury] or penetration" of Petitioner's wife, and added 85 points for "severe" injury to Mr. Berry. Petitioner argues that the trial court's assessment of victim injury points violated the United States Supreme Court's decisions in *Apprendi* and *Blakely*, because the jury did not specifically find these injuries and Petitioner did not admit the injuries.

Petitioner raised an identical claim to the state court in a motion under Florida Rule of Criminal Procedure 3.800(a) to correct his sentence. After a hearing, the state

court denied Petitioner's claim and wrote:

> In ground two of his motion, Defendant alleges that the trial court erred in assessing victim injury points when it resentenced him on March 25, 2004.  He contends that the existence of any victim injury, as well as the severity of that injury, was not found by a jury beyond a reasonable doubt, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington* [542 U.S. 296 (2004)].  In *Apprendi* and *Blakely*, the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.  Defendant argues that his sentence was enhanced beyond the statutory maximum based on the addition of points for "moderate [injury to] or penetration" of [Defendant's wife] and "severe" injury to Walter David Barry.  *See* Scoresheet.  The statutory maximum, under *Blakely*, is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Thompson v. State*, 949 So. 2d 1169, 1172-73 (Fla. 1st DCA 2007).  Defendant argues that because *Apprendi* and *Blakely* have been held to apply at a resentencing, absent the victim injury points, the maximum sentence the court could have imposed upon him, under the applicable sentencing guidelines, was twenty-seven (27) years imprisonment.  *Isaac v. State*, 911 So. 2d 813, 814-15 (Fla. 1st DCA 2005).
>
> The victim injury points were properly added to Defendant's scoresheet based upon: (1) the jury's verdict; and, (2) the facts admitted by Defendant at trial.  First, the finding of penetration as to [Defendant's wife] inheres in the verdict on the counts of sexual battery.  *See* Verdict.  Furthermore, at trial, the defense *admitted* that Defendant had sex with [Defendant's wife], though Defendant argued that the sex was consensual.  *See* Trial Transcript at 325 (lines 5-25).  Second, the defense *admitted* during closing argument that Defendant battered both [his wife] and Walter David Berry.  *Id.* at 329 (lines 17-20); 332 (lines 15-20); 336 (lines 5-6); 378 (lines 23-24).  Furthermore, the severity of Walter David Berry's injury, which the physician who treated him described as "life-threatening," was *uncontested*.  *Id.* at 108 (lines 20-25)- 109 (lines 1-9); 332 (lines 14-19).  The defense even pointed out in closing argument how substantial the evidence was as to Barry's injury.  Where a defendant admits the facts underlying the assessment of victim injury points, the trial court may properly assess them without a specific jury finding.  *Galindez v. State*, 955 So. 2d 517 (Fla. 2007).  Thus, the court did not err in adding victim injury points for penetration of [Defendant's wife] or severe injury to Walter David Berry.  The facts supporting the addition of these points were uncontested.  Furthermore, even though there was no specific jury finding as to victim injury, "in light of the clear and uncontested record evidence [presented at trial], no reasonable jury would have returned a

verdict finding there was no penetration" of [Defendant's wife] or severe injury to Walter David Berry. *Galindez*, 955 So. 2d 577. This claim is without merit.

(App. Ex. EE, at 207-08) (emphasis in original).

The trial court's well-reasoned and thorough analysis of Petitioner's claim is neither contrary to, nor an unreasonable application of, federal law. Under *Blakely*, "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. at 303 (emphasis in original). The trial court applied *Blakely* to find that the jury's finding that Petitioner's conviction for sexual battery reflected a finding of penetration. In Count VII, for example, the jury found Defendant guilty of sexual battery with great force after being instructed that a guilty verdict on this count would reflect a finding that Defendant penetrated his wife's vagina with an object. (App. Ex. C, at 452.) The trial court also correctly applied *Blakely* in pointing to numerous instances during the trial in which Petitioner admitted the relevant facts that supported a finding of moderate injury to or penetration of Petitioner's wife and serious injury to Mr. Berry. For example, as the trial court observed, Defendant never contested the testimony of Dr. Willis Bidgood, who treated Mr. Barry's injuries after the beating. (App. Ex. C, at 167.) Indeed, Defendant's counsel conducted no cross-examination of Dr. Bidgood. In closing, Defendant's counsel clearly stated that Defendant had sex with his wife, had beaten his wife, and had beaten Mr. Berry. (App. Ex. C., at 383, 387, 394.)

Petitioner argues that under Florida sentencing law in place at the time of his original sentencing, victim injury points could not be assessed in sexual battery cases

based on penetration alone without additional physical injury. This sentencing issue is purely a matter of state law. A habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120-21, 102 S.Ct. 1558, 1568, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990). The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508. Furthermore, the Eleventh Circuit has stated that "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Branan,* 861 F.2d at 1508.

Finally, Petitioner argues that he should not be bound by his counsel's admissions during closing argument that he battered his wife and Mr. Berry and that he had sex with his wife. Petitioner says that he did not know that his counsel would make these arguments. This argument is unavailing, because Petitioner has presented no claim of ineffective assistance of counsel either to the state court or in this habeas petition. The trial court properly relied on the representations of Petitioner's counsel, in determining that Petitioner's *Apprendi* claim was without merit. Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, federal law.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. That the petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 17^(th) day of January 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**<u>NOTICE TO THE PARTIES</u>**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.